# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KIMMEL & SILVERMAN, P.C.** | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 20-2351 |
| **TRAVELERS PROPERTY CASUALTY** | : | |
| **COMPANY OF AMERICA** | : | |
| Defendant. | | |

## ORDER

**AND NOW**, this 1st day of September, 2022, upon consideration of Defendant's Motion to Dismiss for Failure to State a Claim filed on August 10, 2020 (ECF No. 15), it is hereby **ORDERED** that said Motion is **GRANTED;**[1] **THIS ACTION IS DISMISSED WITH PREJUDICE, WITHOUT LEAVE TO AMEND**.[2]

**IT IS SO ORDERED**.

BY THE COURT:

 /s/ John Milton Younge
**Judge John Milton Younge**

---

[1] The standard for a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is examined in detail in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). After *Iqbal*, it is clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a Rule 12(b)(6) motion to dismiss. *Id.* at 678; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive dismissal, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim [for] relief that is plausible on its face.'" *Tatis v. Allied Interstate*, LLC, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). Facial plausibility is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Iqbal*, 556 U.S. at 678). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678).

In this action, Plaintiff, a litigation law firm, is suing Defendant, an insurance provider, for Defendant's denial of claims covering business income, civil authority, and extra expense losses incurred in connection with mandated governmental closures resulting from the COVID-19

pandemic. (First Am. Compl. (hereinafter, "FAC") ¶¶ 11-29, ECF No. 12.)  More specifically, Plaintiff has asserted claims for declaratory judgment and breach of contract—alleging that Plaintiff's insurance policy provided for business income, civil authority, and extra expense coverage and suggesting that Defendant acted in bad faith when Defendant denied Plaintiff's request for coverage.  (FAC, ¶¶ 52-94, ECF No. 12.)  Defendant rebuts Plaintiff's claims by highlighting a virus exclusion clause which states, "We [the Defendant] will not pay for loss or damage caused by or resulting from any virus, bacterium or other microorganism that induces or is capable of inducing physical distress, illness or disease." (FAC, Ex. 1, ECF No. 12-1, p. 8; *see also* Travelers Mot. to Dismiss, Ex. A, ECF No. 15-2, p. 17.)  Based upon these facts, this Court must assess whether it can draw a reasonable inference that Defendant is obligated to provide payment for Plaintiff's alleged losses.

The Third Circuit and various jurists within the United States District Court for the Eastern District of Pennsylvania (the "Eastern District") have previously held that "[u]nder Pennsylvania law, '[c]ontract interpretation is a question of law that requires the court to ascertain and give effect to the intent of the contracting parties as embodied in the written agreement.'"  *Wilson v. Hartford Cas. Co.*, 492 F. Supp. 3d 417, 426 (E.D. Pa. 2020) (quoting *In re Old Summit Mfg., LLC*, 523 F.3d 134, 137 (3d Cir. 2008)).  Further, as the Pennsylvania Supreme Court has noted, "[w]hen the language of an insurance policy is clear and unambiguous, a court applying Pennsylvania law is required to give effect to that language." *Id.* (quoting *401 Fourth St., Inc. v. Invs. Ins. Grp.*, 583 Pa. 445, 455 (2005)).  Finally, the Pennsylvania Supreme Court advised courts construing Pennsylvania law not to "distort the meaning of the language or resort to a strained contrivance in order to find an ambiguity." *Id.* (citing *Madison Const. Co. v. Harleysville Mut. Ins. Co.*, 557 Pa. 595, 606 (1999)).

Perhaps most fatal for Plaintiff's claims, "[n]umerous courts, applying Pennsylvania law, have thoroughly [examined] arguments regarding the Virus Exclusion's applicability to insurance claims based on COVID-19 shutdowns.  These cases have almost unanimously concluded that the…Virus Exclusion [language] unambiguously bars coverage." *Hair Studio 1208, LLC v. Hartford Underwriters Ins. Co.*, 539 F. Supp. 3d 409, 423–24 (E.D. Pa. 2021); *see also Fuel Recharge Yourself, Inc. v. Amco Ins. Co.*, No. CV 20-4477, 2021 WL 510170, at *2 (E.D. Pa. Feb. 11, 2021) ("Because I conclude that that the Virus Exclusion unambiguously applies to Fuel's claim for loss of business income and extra expenses, I must grant Defendant's motion to dismiss with respect to Plaintiff's breach of contract claim and request for declaratory relief."); *Frank Van's Auto Tag, LLC v. Selective Ins. Co. of the Se.*, 516 F. Supp. 3d 450, 460 (E.D. Pa. 2021) ("The Court declines to find ambiguity where there is none, let alone to adopt a reading that is not reasonable. Frank Van's does not offer any other compelling argument as to why the Virus Exclusion does not bar its claim."); *Toppers Salon & Health Spa, Inc. v. Travelers Prop. Cas. Co. of Am.*, 503 F. Supp. 3d 251, 255 (E.D. Pa. 2020) ("The Virus Exclusion applies to 'loss or damage caused by or resulting from any virus…that induces or is capable of inducing physical distress, illness or disease.' The language is not ambiguous, and it applies to Covid-19, which is caused by a coronavirus that causes physical illness and distress.").

Even when applying New Jersey law, other courts within the Third Circuit have come to the same conclusion that the virus exclusion bars coverage.  *See Causeway Auto., LLC v. Zurich Am. Ins. Co.*, No. CV208393FLWDEA, 2021 WL 486917, at *7 (D.N.J. Feb. 10, 2021) ("Accordingly,

because the Court finds that the Virus Exclusion is unambiguous and that COVID-19 was the proximate cause of Plaintiffs' losses, I find that the Virus Exclusion bars coverage."); *N&S Rest. LLC v. Cumberland Mut. Fire Ins. Co.*, 499 F. Supp. 3d 74, 81 (D.N.J. 2020) ("Accordingly, based on the Court's independent evaluation of the Policy's Virus Exclusion and the wealth of well-reasoned opinions from other districts holding similarly, the Court finds that the Virus Exceptions bars coverage.")

Finally, courts that have reviewed Defendant's virus exclusion in other states have come to the same conclusion that the exclusion bars coverage of and recovery for losses incurred in connection with the COVID-19 pandemic. *See Real Hosp., LLC v. Travelers Cas. Ins. Co. of Am.*, 499 F. Supp. 3d 288, 295 (S.D. Miss. 2020) ("Plaintiff is not the first policyholder to argue in court that executive/government orders issued during the COVID-19 pandemic that have affected their operations trigger insurance under Business Income/Extra Expense provisions identical to the one at issue in the Policy here. Most courts have rejected these claims and granted motions to dismiss based on the finding that the businesses' complete or partial closures due to government orders issued to slow the spread of COVID-19 do not constitute 'direct physical loss of or damage to property.'"); *Travelers Cas. Ins. Co. of Am. v. Geragos & Geragos*, 495 F. Supp. 3d 848, 854–55 (C.D. Cal. 2020), *motion to reopen granted,* No. CV 20-3619 PSG (EX), 2020 WL 9395223 (C.D. Cal. Dec. 3, 2020) ("The Court finds the Virus Exclusion provision precludes all civil authority coverage such that Travelers has no duty to perform under the Policy. Furthermore, because there was no physical damage to G&G's property, the Business Income and Extra Expenses coverage does not apply.").

Given the weight of the precedent supporting the notion that Defendant's virus exclusion bars business income, civil authority, and extra expense coverage, this Court declines to delve any further into the question of whether Plaintiff's fact specific claims would even fall within the scope of the coverage—as such an inquiry would be futile. *See*, *e.g., Wilson v. Hartford Cas. Co.*, 492 F. Supp. 3d 417, 426 (E.D. Pa. 2020) ("It is not necessary for the Court to decide whether Plaintiffs' claim falls within the scope of coverage, because even assuming that it does, a virus exclusion applies here…."). Having concluded that the virus exclusion bars coverage, Defendant could not have acted in bad faith when it denied Plaintiff's request for coverage. *See Ultimate Hearing Sols. II, LLC v. Twin City Fire Ins. Co.*, 513 F. Supp. 3d 549, 564 (E.D. Pa. 2021) ("But, if a bad-faith claim is premised solely on the denial of coverage, the claim must necessarily fail if a court finds that no coverage exists.") (referencing *Gallatin Fuels, Inc. v. Westchester Fire Ins. Co.*, 244 F. App'x 424, 435 (3d Cir. 2007)).

Taken together, this Court finds that Plaintiff's request for declaratory judgment—Counts I (Business Income Coverage), III (Civil Authority Coverage), and V (Extra Expense Coverage)—and claims of breach of contract and bad faith—Counts II (Business Income Coverage), IV (Civil Authority Coverage), VI (Extra Expense Coverage), and VII (Insurance Bad Faith)—are hereby dismissed for failure to state a claim.

[2] When a motion to dismiss is granted, the court must then decide whether to grant leave to amend. The Third Circuit has a liberal policy favoring amendments and, thus, leave to amend should be freely granted. *See, e.g.*, *Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000)*; Dole v. Arco Chem. Co.*, 921 F.2d 484, 486 (3d Cir. 1990). However, a court need not grant leave to amend when it would be an exercise in futility. *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908

F.3d 872, 879 (3d Cir. 2018) ("Leave to amend is properly denied if amendment would be futile, *i.e.*, if the proposed complaint could not 'withstand a renewed motion to dismiss.'") (quoting *Jablonski v. Pan. Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988)); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (recognizing that denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile).

For the reasons identified above, the virus exclusion bars coverage of and recovery for the business income, civil authority, and extra expense losses incurred in connection with the COVID-19 pandemic. Given this determination, a leave to amend would be futile—especially since a second amended complaint could not overcome the virus exclusion and would not withstand a renewed motion to dismiss.